[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 25, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 03-16489
Non-Argument Calendar

_____

D. C. Docket No. 98-00014-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ST. ANNE NARCISSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 25, 2005)**

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

St. Anne Narcisse appeals her conviction and 87-month sentence, imposed

after she pled guilty, pursuant to a written plea agreement, to distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Narcisse argues that her written plea agreement is unenforceable because: (1) during the plea colloquy, the magistrate judge misled her into believing that the district court had unbridled discretion to depart below the Sentencing Guidelines range for any reason, and (2) the Supreme Court's subsequent decision in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which made the Guidelines advisory, destroyed the essence of the plea agreement.[1]

Upon thorough review of the record, with particular attention to the transcripts of the plea colloquy and sentencing hearings, and careful review of the parties' briefs, we affirm in part and dismiss in part.

For the first time on appeal, Narcisse claims that the written plea agreement

---

[1]  As for Narcisse's Booker challenge to the district court's computation of her offense level, her written plea agreement contained a valid sentence appeal waiver that precludes her from challenging her sentence based on Booker. Our de novo of the record reveals that Narcisse knowingly and voluntarily waived her right to appeal her sentence. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997) (reviewing whether a defendant knowingly and voluntarily waived her right to appeal her sentence de novo). We have held that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005), pet. for cert. filed, (U.S. June 7, 2005) (No. 04-1663); see also United States v. Grinard-Henry, 399 F.3d 1294, 1295-96 (11th Cir.), cert. denied, 125 S. Ct. 2279 (2005) (concluding that "the general appeal-waiver language of the plea agreement [was] broad enough to include an Apprendi/Blakely/Booker claim"). Like in Grinard-Henry, Narcisse's Booker challenge does not fit within any of the plea agreement's enumerated exceptions to the appeal waiver. Thus, we dismiss the appeal as to the sentencing issue Narcisse raises.

2

should not be enforced because, at the plea colloquy, the magistrate judge failed to include the qualifying language "in some circumstances" when describing the district court's ability to grant a downward departure. Narcisse asserts that this omission led her to believe that the district court had unbridled discretion to depart below the Guideline range for any reason.

When a defendant fails to object to a Fed. R. Crim. P. 11 violation in the district court, we review the district court's compliance with Rule 11 for only plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). We will correct plain error where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996). A defendant seeking reversal of his conviction after a guilty plea, on the basis that the court committed "plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, ____, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004).

A court accepting a plea of guilty must comply with Rule 11, and, in particular, address the three "core concerns" by ensuring that (1) the defendant

understands the nature of the charges; (2) the defendant understands the consequences of her plea; and (3) the guilty plea is free from coercion. See United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996). "The nature of a Rule 11 inquiry necessarily varies from case to case, and there is no one mechanical or precise juncture to which a district judge must conform in advising a defendant of the nature of the charges to which he is pleading guilty." United States v. James, 210 F.3d 1342, 1344 (11th Cir. 2000) (quotation omitted). Indeed, Rule 11 does not require the district court to read the specified items in haec verba, and any variance or deviation from the procedures that the rule mandates that does not affect a defendant's substantial rights constitutes harmless error. United States v. Hernandez-Fraire, 208 F.3d 945, 950 (11th Cir. 2000). Generally, we will uphold a plea colloquy, even one involving a technical violation Rule 11, so long as the district court adequately addressed the three core concerns. Id.

As for Narcisse's instant argument, according to Fed. R. Crim. P. 11(b)(1)(M), before accepting a guilty plea, a district court must inform the defendant of, and determine that the defendant understands, "the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances." Our review of the plea colloquy reveals that the magistrate judge specifically advised Narcisse that she would be sentenced

4

pursuant to the Sentencing Guidelines and her plea agreement with the government. Notably, the plea agreement, which Narcisse signed (and initialed at the bottom of each page), specifically informed Narcisse that the district court had the discretion to depart from the Guidelines "in some circumstances." Cf. United States v. Jones, 143 F.3d 1417, 1420 (11th Cir. 1998) (noting that this Court has consistently considered written plea agreements to be part of the record of the Rule 11 hearing). On this record, we can find no error, let alone plain error, resulting from the magistrate judge's discussion of Narcisse's sentence at the plea colloquy.

We are likewise unpersuaded by Narcisse's argument that Booker rendered the plea agreement unenforceable. Because a defendant may not rely on a subsequent unanticipated change in the law to void an otherwise valid guilty plea, Narcisse's plea agreement is enforceable despite the Supreme Court's subsequent decision in Booker. Cf. United States v. Sanchez, 269 F.3d 1250, 1283-85 (11th Cir. 2001) (en banc) (applying Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), to reject the defendants' arguments that their guilty pleas had been rendered involuntary and unknowing in light of the Supreme Court's subsequent decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). "[A] voluntary plea of guilty intelligently made in

light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady, 397 U.S. at 757; see also United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005) (holding that defendant's plea was voluntary notwithstanding the effect of Booker, as "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a plea"). Thus, the Booker decision did not render Narcisse's plea involuntary.

In sum, we find no reversible error and affirm Narcisse's conviction. Pursuant to the valid appeal-waiver provision in the plea agreement, we dismiss Narcisse's sentencing claim.

**AFFIRMED IN PART, DISMISSED IN PART**.