UNITED STATES of America, Plaintiff-Appellee,

v.

Jimmie BYRD, Richard Collins, and Thomas Lavoy Wells, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jimmie Lee BYRD, Defendant-Appellant.

Nos. 84–5754, 85–5375.

United States Court of Appeals, Eleventh Circuit.

Nov. 24, 1986.

Alexander Martone, Miami, Fla., for Byrd.

Alan E. Weinstein, Miami Beach, Fla., for Thomas Wells.

Samuel I. Burstyn, Miami, Fla., for Collins.

Leon Kellner, U.S. Atty., William Norris, Linda Collins-Hertz, David O. Leiwant and Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for United States.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN,* Senior District Judge.

PITTMAN, Senior District Judge:

INTRODUCTION

These appeals arise out of two indictments brought against Jimmie Lee Byrd, Thomas Wells, Richard Collins, and several others which allege various violations of Titles 18 and 21, United States Code.

In No. 85–5375, the grand jury returned an indictment charging Byrd and another, who did not appeal, with violations of 21 U.S.C. §§ 846, 963, and 843(b). Byrd moved to dismiss this indictment on double jeopardy grounds. The trial court denied the motion and this appeal followed.

Upon a review of the record, briefs and arguments of counsel, we find neither error nor reasons which merit discussion in the appeal by Byrd in this case. We hereby affirm No. 85–5375.

In No. 84–5754, a federal grand jury returned a six-count indictment against Byrd, Wells, Collins, and six others, arising out of the importation of marijuana into the United States. Byrd and Wells were convicted after a jury trial; Collins pleaded guilty. Byrd challenges the trial court's denial of motions for judgment of acquittal, new trial and mistrial. Wells questions the admission of certain evidence. Collins claims his convictions should be set aside because of the court's alleged failure to follow the dictates of Fed.R.Crim.P. 11.

It is the court's conclusion that upon a review of the record, briefs and arguments of counsel we find neither error nor reasons that merit discussion in the appeals of Byrd and Wells in this case and we affirm the convictions of Byrd and Wells in this case.

Appellant Richard Collins challenges his convictions, entered upon guilty pleas, for two reasons. First, he argues that all four convictions should be set aside because the court allegedly failed to establish a factual basis for the pleas. Second, he argues that his conviction on Count Six of the indictment should be vacated because Collins did not understand the charge to which he pleaded guilty. Automatic reversal is urged because of the court's alleged failure to follow Rule 11.

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

## FACTUAL BASIS FOR THE PLEAS

Collins' contention that the trial court accepted his guilty plea without an adequate factual basis is without merit. Prior to Collins' tender of his plea, the trial court presided over an evidentiary hearing on Collins' claim of double jeopardy, and, therefore, had heard many of the facts relating to the charges. Certain charges were dismissed. Then Collins pleaded guilty to the remaining charges. The court accepted the guilty plea only after it had heard the evidence at the trial of appellant's co-defendants. The factual basis for the pleas has ample support in the record.

For the reasons set out above and the discussion hereafter, we affirm the conviction of Collins in No. 84–5754.

## COLLINS' ATTACK ON COUNT 6

Collins' attack on his conviction under Count Six of the indictment has more substance than the other claims, and merits discussion. He argues that the court failed to determine whether Collins, in fact, understood the charge to which he pleaded guilty. He urges us to vacate his conviction, and remand for a chance to plead anew.

In support of his contention, Collins points to the following exchanges in the plea colloquy:

THE COURT: Count 6 charges that on April, on or about April 1st up until June of 1983 that you committed the crimes set forth and detailed under Count 6. Have you read Count 6?

MR. CAGNEY [Defense Counsel]: I have explained it to him, your Honor. I do not think he has personally read it.

THE COURT: You understand Count 6?

THE DEFENDANT: I don't even remember.

THE COURT: I am not sure you do, but if you do, that is fine.

THE DEFENDANT: I don't remember what it was.

8 Rec. 256.

After an explanation of the charge, the court continues:

THE COURT: Now, can you tell me that you understand this travel in foreign commerce to carry on the business of marijuana importation that is charged in Count 6? Do you understand it?

THE DEFENDANT: I know what you read, but as far as my understanding I wasn't real sure.

THE COURT: Counsel, are you satisfied this man understands that he is charged with in Count 6?

MR. CAGNEY: I believe I have explained it to him, your Honor, and I think he understands what he has been charged with, yes, your Honor.

*Id.* at 259.

Viewed in isolation, those portions of the plea colloquy raise a serious question as to whether the defendant did understand the nature of the charges to which he was pleading. However, our duty is to view the record as a whole, and we must affirm if the record of the hearing shows a common sense basis for agreeing that the trial judge fully satisfied himself that "the defendant understands what he is admitting and what the consequences of that admission may be, as well as that what he is admitting constitutes the crime charged, and that his admission is voluntarily made." *United States v. Dayton,* 604 F.2d 931, 943 (5th Cir.1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980).

In making that determination, we are guided by the "general observations" given by the *Dayton* court:

For simple charges such as those in this case, a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice. Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explication. In the case of charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required; this, of course, is the outer limit, for if an in-

struction informs a jury of the nature of the charge sufficiently for it to convict the defendant of it, surely it informs the defendant sufficiently for him to convict himself.

604 F.2d at 931.

■ We note that the trial court here followed the "outer limit" in this case. The court's explanation of Count Six, the Travel Act charge, 18 U.S.C. § 1952, closely parallels that of the pattern jury instruction for that offense. *Compare* 8 Rec. 256–59 *with* Offense Instruction 48, Pattern Jury Instructions Criminal Cases (West, 1985). The court emphasized the elements of Section 1952, explained the defendant's liability for the foreign travel of his associates, 18 U.S.C. § 2, and carefully set out the concept of being a member of a marijuana enterprise. 8 Rec. 256–59.

Of course, we recognize that even a detailed explanation of an offense will not suffice under Rule 11 if the defendant lacks the capacity to understand or otherwise fails to comprehend it. The question remains then whether the defendant ever acknowledged his understanding of the charge contained in Count Six.

The record shows that the court made every effort to insure that the defendant's plea was voluntarily tendered. It is clear that there was no coercion or duress, and that the defendant's faculties were unimpaired at the time of pleading. The court continued the colloquy until the defendant

acknowledged that he understood all the charges and had no questions about the proceedings.[1]

It is quite clear from the record that the district judge fully and completely understood his obligation under Rule 11 to determine whether the defendant understood the charge and was pleading guilty voluntarily.

The court carefully explained the maximum penalties provided for each offense, as well as the constitutional guarantees waived by the guilty plea. The court sums up:

THE COURT: All right. Are you clear minded today?

THE DEFENDANT: Yes, sir.

THE COURT: Do you fully understand the things that I have discussed with you?

THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of any kind of medication or any substance at all that is interfering with your ability to think or to concentrate?

THE DEFENDANT: No, sir.

THE COURT: So you understand what I am talking to you about, do you?

THE DEFENDANT: Yes, sir.

THE COURT: Your answers are full and complete answers?

\* . \* \* \* \* \*

Do you have anything that you want to ask me or anything you want to tell me

---

1. We note that some of Collins' responses to other questions were also initially ambiguous. When asked whether he was pleading because of force or threat of force, Collins professed that he did not understand that question. The court informed the defendant that if he did not want to plead guilty the court was ready to give him his right to a trial by jury. Collins' capacity for understanding increased dramatically.

THE COURT: What I want to know is are you pleading guilty because you have been forced into it or threatened in some way to make you plead guilty? Do you understand my question?

THE DEFENDANT: I understand. No. No, not really.

THE COURT: What do you mean, not really?

THE DEFENDANT: No, sir.

THE COURT: It is all right. You see, I have people out there to try you, Mr. Collins, and what I am trying to figure out is whether you really want to plead guilty, whether you understand your rights and whether you are voluntarily pleading guilty.

THE DEFENDANT: Yes.

THE COURT: You understand the charges, and that is why I am going through all this, not because I am enjoying it, you understand that.

THE DEFENDANT: I understand.

THE COURT: So what I want to know is are you pleading guilty, then, to any of these charges because you have been forced into it by anybody?

THE DEFENDANT: No, sir, no, sir.

8 Rec. 264–65.

that bears upon your decision to plead guilty?

THE DEFENDANT: No, sir, I do not think so.

THE COURT: All right. Are you freely and voluntarily pleading guilty to these four counts?

THE DEFENDANT: Yes, sir.

THE COURT: *Do you understand the charges?* (emphasis added).

THE DEFENDANT: *Yes, sir.* (emphasis added).

8 Rec. 265–66.

Under all the circumstances, we believe that there is an ample basis for concluding that Collins' plea of guilty was a "knowing, intelligent" act. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970), and is due to be affirmed.

It is noteworthy that the trial judge had the opportunity to observe the defendant's demeanor, appearance, tone, etc., during the plea colloquy. By accepting the guilty plea, the court found that the defendant understood the charges. *Cf. Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). *See also Dayton,* 604 F.2d at 940 ("Where each of Rule 11's core inquiries has been reasonably implicated in the rule's required colloquy, we will examine its treatment to determine whether it has been sufficiently exposed to inquiry and determination. If so, we will not disturb the result."). We will not disturb the acceptance of the plea in Count Six.

AFFIRMED.