United States Court of Appeals,

Eleventh Circuit.

No. 95-4302.

UNITED STATES of America, Plaintiff-Appellee,

v.

Juan Ramon QUINONES, Defendant-Appellant.

Oct. 10, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-8023-CR-DTKH), Kenneth L. Ryskamp, District Judge.

Before TJOFLAT and COX, Circuit Judges, and HANCOCK[*], Senior District Judge.

PER CURIAM:

Juan Ramon Quinones appeals from a judgment of conviction entered on his guilty plea to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two). Quinones contends that his plea to Count Two, the firearm charge, was not made knowingly and intelligently because the district court failed to inform him of the nature of that charge as required by Fed.R.Crim.P. 11(c).[1] Therefore, he

---

[*]Honorable James H. Hancock, Senior U.S. District Judge for the Middle District of Alabama, sitting by designation.

[1]Quinones also contends that there was an insufficient factual predicate for his conviction on Count Two, charging him with using or carrying a firearm during and in relation to a drug offense. Our review of the transcript of the plea hearing reveals that there was a sufficient factual predicate to convict Quinones of carrying a firearm during and in relation to a drug offense.

Quinones further contends that his plea to Count Two

contends, his conviction on Count Two must be vacated. [2] We conclude that the district court committed plain error in failing to inform Quinones of the nature of the charge to which he was pleading guilty.

## I.

Officers from the Palm Beach County Sheriff's Office observed Quinones meeting another individual, whom they had under surveillance, at an Amoco gas station. After the individual entered Quinones's vehicle, the officers saw Quinones pour cocaine rocks out of a vial and show them to the other individual. The officers arrested both men for possession of and trafficking in cocaine. The officers searched Quinones, finding on his person a small quantity of crack cocaine and a loaded North American Arms .22 caliber revolver and ammunition. A search of the vehicle revealed crack and powder cocaine.

Quinones entered into a written plea agreement with the United States. He agreed to plead guilty to both Count One and Count Two. The United States agreed to recommend a three-level reduction in Quinones's sentencing offense level based on Quinones's acceptance of responsibility.

At Quinones's plea hearing, the district court asked Quinones whether he had received a copy of the indictment and reviewed it with his attorney. Quinones responded that he had. The court

---

was involuntary and thus obtained in violation of the Fifth Amendment. In light of our disposition of this appeal, we need not address this contention.

[2]Quinones does not request that we vacate his conviction on Count One.

informed Quinones of the minimum and maximum sentences possible and of the applicability of the federal sentencing guidelines.

The government then made its proffer of what the evidence would be if the case went to trial. Quinones objected to the government's characterization of the transaction as a sale, arguing that he was going to give the other individual the cocaine. Otherwise, Quinones agreed with the substance of the government's account of the transaction. After ensuring that Quinones understood that a conviction of possession with intent to distribute cocaine did not require that money change hands, the district court accepted Quinones's plea. Quinones said, "I plead guilty I guess." (R. 2 at 12.) Throughout the hearing, the district court never mentioned the elements of the § 924(c) charge of using or carrying a firearm in connection with a drug trafficking crime.

## II.

On this direct appeal, Quinones contends that the district court failed to comply with Fed.R.Crim.P. 11(c)(1) when it accepted his guilty plea. Rule 11(c) provides:

> *(c) Advice to Defendant.* Before accepting a plea of guilty or nolo contendre, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered ...

The government argues that any deviation from Rule 11(c) at Quinones's plea hearing was harmless error under Rule 11(h). *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be

disregarded.").

On a direct appeal, our analysis of whether the district court's failure to comply with Rule 11 was harmless error is conducted solely on the basis of the record of the Rule 11 proceedings. *United States v. Hourihan,* 936 F.2d 508, 511 (11th Cir.1991); Fed.R.Crim.P. 11(h) advisory committee's note. Our review of the record of Quinones's plea hearing reveals that the district court failed to inform Quinones of the nature of the charge in Count Two. The record, moreover, gives no indication that Quinones knew or understood the elements comprising a charge of using or carrying a firearm during and in relation to a drug trafficking crime. Thus, the district court failed to comply with Rule 11(c)(1).

The issue, then, is whether the district court's failure to inform Quinones of the nature of the charge entitles him to withdraw his plea to Count Two. Quinones did not move in the district court to withdraw his guilty plea; he raises the district court's failure to comply with Rule 11(c) for the first time on this appeal. Usually, when an objection is not made in the district court, our review is confined to review for plain error. *See* Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Plain error is error that is clear or obvious and affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-78, 123 L.Ed.2d 508 (1993). Plain error analysis differs from harmless error analysis in that the defendant bears the burden of persuasion with respect

to prejudice.  *Id.* at 734-36, 113 S.Ct. at 1778.

 We have not addressed whether a defendant who fails to assert a Rule 11 violation in the district court must show plain error on a direct appeal.[3]  We see no reason why the plain error rule should not apply in the Rule 11 context, though we recognize that many non-technical deviations from Rule 11 will constitute plain error. We hold that a defendant who has not presented his objection to the district court—for example, through a motion to withdraw the plea—must show plain error on direct appeal.

 In this case, the district court's failure to comply with Rule 11 was plain error because the court failed to address a core concern of Rule 11.  We have identified three core objectives of Rule 11:  (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him;  and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea.  *United States v. Zickert,* 955 F.2d 665, 668 (11th Cir.1992).  Failure to satisfy any of the core objectives violates the defendant's substantial rights.

---

[3]The Ninth and Seventh Circuits have applied plain error review when a defendant fails to object to violations of Rule 11 in the district court.  *United States v. Chan,* 82 F.3d 921, 923 (9th Cir.1996);  *United States v. Cross,* 57 F.3d 588, 590 (7th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 406, 123 L.Ed.2d 324 (1995).  According to the D.C.Circuit, however, the absence of a contemporaneous objection does not trigger plain error analysis;  any deviation from Rule 11 is reversible unless the government demonstrates that it was harmless error.  *United States v. Lyons,* 53 F.3d 1321, 1322 n. 1 (D.C.Cir.1995).  The First Circuit has not resolved the appropriate standard when there was no objection in the district court.  *United States v. Martinez-Martinez,* 69 F.3d 1215, 1219 (1st Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1343, 134 L.Ed.2d 492 (1996).

*Id.*[4]  In this case, the district court failed to satisfy the core objective that Quinones understand the nature of the charge against him.  Quinones's substantial rights were violated, therefore, and the district court's error was plain error.

III.

We remand with instructions that the district court permit Quinones to withdraw his guilty plea on Count Two.  Should Quinones elect to withdraw his plea on Count Two, the district court should vacate the sentence imposed on Count One and resentence Quinones on that count either immediately or upon the disposition of the Count Two charge.[5]

REMANDED WITH INSTRUCTIONS.

---

[4]In *Hourihan,* we suggested that Rule 11(h) harmless error analysis may not be applicable when a district court completely fails to address a core concern of Rule 11.  936 F.2d 508, 511 n. 4.  However, because we found that the error in that case was not harmless, we did not resolve whether Rule 11(h) may excuse a failure to satisfy Rule 11's core concerns.  In holding that a defendant's substantial rights are violated whenever Rule 11's core concerns are not met, *Zickert* resolves the issue.

[5]This court follows a holistic approach to sentencing following a review on direct appeal of convictions and sentences under a multicount indictment.  *See United States v. Alvarez-Moreno,* 874 F.2d 1402, 1414 (11th Cir.1989), *cert. denied,* 494 U.S. 1032, 110 S.Ct. 1484, 108 L.Ed.2d 620 (1990);  *United States v. Anderson,* 872 F.2d 1508, 1520-21 (11th Cir.), *cert. denied,* 493 U.S. 1004, 110 S.Ct. 566, 107 L.Ed.2d 560 (1989);  *United States v. Lail,* 814 F.2d 1529, 1530 (11th Cir.1987).  *See also United States v. Cochran,* 883 F.2d 1012, 1015 n. 6 (11th Cir.1989).  We therefore conclude that vacation of the sentence on Count Two will require vacation of the sentence on Count One because the sentences on both counts were part of a single sentencing package.