[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19 2001
THOMAS K. KAHN
CLERK

_____

No. 99-13321
Non-Argument Calendar

_____

D. C. Docket No. 98-08107-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILBYE TELEMAQUE,
a.k.a. Wilby, a.k.a. Jacque,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 19, 2001)**

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

Wilbye Telemaque appeals his convictions, entered on a plea of guilty, of possession of crack cocaine with intent to distribute and conspiracy to do the same.[1] He argues first that the district court meddled in plea negotiations in violation of Fed. R. Crim. P. 11(e)(1), and second that the district court failed adequately to inform him of the nature of the charges against him, as Rule 11(c) requires. Reviewing for plain error (Telemaque did not object below), *United States v. Quiñones*, 97 F.3d 473, 475 (11th Cir. 1996), we vacate and remand.

We reject the argument that the district court improperly intermeddled in the plea negotiations. Telemaque's counsel informed the court at the outset of the plea hearing that Telemaque had entered a plea agreement, but needed special explanation that the plea agreement (which committed the Government only not to oppose a two-level acceptance-of-responsibility reduction in Telemaque's offense level) did not determine Telemaque's sentence. The reason, counsel explained, was that Telemaque was unhappy with his counsel because there was no mention of a three-point reduction for early acceptance of responsibility. The court first asked why Telemaque was "not happy." (Supp. R.1 at 4.) After the question was better explained, Telemaque told the

---

[1] The Government's recited facts were that Telemaque sold a freshly cooked two-ounce crack cookie to an undercover agent and then, after his arrest, permitted a search of his apartment, in which agents found cocaine cooking equipment, $10,000 in cash, crack, and cocaine hydrochloride.

court that he thought his first lawyer was to blame for his not pleading guilty sooner. The court then pointed out to Telemaque that the offense-level reduction was up to the court and as yet undecided. The court then asked Telemaque if he still wished to proceed; Telemaque said yes.

The court's statement did not violate Rule 11(e), for two reasons. First, the written plea agreement was already executed. No case that Telemaque cites, or that we have located, holds that a court's *post*agreement remark can violate the Rule. *See United States v. Johnson*, 89 F.3d 778, 782 (11th Cir. 1996) (noting that Rule 11's "literal" terms do not apply outside of plea discussions). Second, even if the Rule's penumbrae, as interpreted in *Johnson*, do prohibit potentially coercive postagreement statements, this one was not; the court's statement here did not differ in substance from one the court could properly make in ascertaining that the plea is not based on the misconception that a Government promise not to contest a particular sentencing outcome guarantees that outcome. *Cf. United States v. Camacho*, 233 F.3d 1308, 1320-21 (11th Cir. 2000). We therefore reject Telemaque's first argument.

But we do think that the district court plainly erred in failing to inform Telemaque of the nature of the offense. Any failure to address one of Rule 11(c)'s three "core concerns," of which informing the defendant of the nature of the offense is one, is prejudicial plain error. *United States v. Hernandez-Fraire*, 208 F.3d 945,

3

949 (11th Cir. 2000). Whether the court has adequately informed the defendant of the offense's nature turns on a variety of factors, including the complexity of the offense and the defendant's intelligence and education. *See, e.g.*, *United States v. Wiggins*, 131 F.3d 1440, 1443 (11th Cir. 1997); *United States v. DePace*, 120 F.3d 233, 236 (11th Cir. 1997); *Quiñones*, 97 F.3d 473, 475 (11th Cir. 1996).

The record here does not persuade us that Telemaque was adequately informed, or that the district court had an adequate basis on which to find that the plea was knowing. The district court referred to the nature of the offense only once in the entire colloquy, asking Telemaque:

> Have you seen the indictment or have you had the indictment read to you so that you understand exactly how you are charged in counts one and three, and what the Government what [*sic*] would have to prove in order that you be convicted?

(Supp. R.1 at 10-11.) Telemaque replied, "Yes." (*Id.*) The court did not refer to the elements of the offense in inviting the Government's proffer, *cf. Wiggins*, 131 F.3d at 1443, nor was there any statement on the record that Telemaque's counsel assisted Telemaque in understanding the charges, *cf. United States v. Byrd*, 804 F.2d 1204, 1206 (11th Cir. 1986). This case is materially similar rather to *Quiñones*, in which we held insufficient a colloquy in which the court asked the defendant only whether he had read the indictment (charging use of a firearm during a drug offense) and reviewed it with his attorney. *Quiñones*, 97 F.3d at 474.

4

Possession with intent to distribute crack and conspiracy to do the same are not of course the most complicated of offenses, perhaps not even as complicated as the offense in *Quiñones* of using or carrying a firearm during a drug-trafficking offense. But the circumstances do not suggest that Telemaque would understand even this simple offense without at least *some* explanation, or that the district court could assure itself with a simple yes-no question that Telemaque actually understood. The court did not inquire into Telemaque's education or background at the change-of-plea hearing, but the presentence report shows that Telemaque immigrated to the U.S. from Haïti at the age of sixteen and finished high school, but at the bottom of his class. The record does not reflect that Telemaque had any prior involvement in the court system, either, that would make his quick comprehension more probable.

In these circumstances, we conclude that the district court plainly erred in failing to describe to Telemaque at all the nature of the charges against him. We vacate Telemaque's conviction and remand for further proceedings.

VACATED AND REMANDED.