**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2005
THOMAS K. KAHN
CLERK

**No. 03-13614**
**Non-Argument Calendar**

-------------------------------------------

D.C. Docket  No. 03-10009-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLTON STEELE,

Defendant-Appellant.

----------------------------------------------------------------
**Appeal from the United States District Court**
**for the Southern District of Florida**
----------------------------------------------------------------

**(September 6, 2005)**

**Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.**

**PER CURIAM:**

Defendant-Appellant Charlton Steele cites errors and omissions in the Rule

11 proceedings at which he pled guilty to drug trafficking conspiracy charges, and

he requests that we remand to allow him the opportunity to plead anew. Because we conclude that those errors, although plain, made no difference in the outcome of the Rule 11 proceedings, no reversible plain error has been shown.

The facts of the underlying offense are uncontested. Two female co-defendants exited a cruise ship in Key West, Florida, and were found to have 31 kilograms of cocaine strapped to their bodies. When questioned, the co-defendants identified Defendant as the person on board the cruise ship who had provided them the cocaine. Agents boarded the cruise ship and took Defendant into custody. Defendant was arrested and later indicted by the grand jury on one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, 21 U.S.C. §§ 841 and 846; and one count of possession with intent to distribute five or more kilograms of cocaine, 21 U.S.C. § 841.

Defendant cooperated with the government and also entered into a plea agreement. In the first of what proved to be a series of errors about the charges against him, the plea agreement provided that Defendant would plead guilty to Count 1 of his indictment -- conspiring to import cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1) -- and the remaining three counts would be dismissed at sentencing. That the indictment charged no importation violation, and that the

indictment contained two -- not four -- counts, went unnoticed by the prosecution and the defense.

At the plea colloquy, the district court established that Defendant had received a copy of the indictment and had discussed the charges fully with his lawyer. The Defendant also acknowledged that he had read and discussed the plea agreement with his lawyer. The government provided a factual basis for the offense that included the facts we have recited. Also, agents found $1,300 on Defendant at the time of his arrest that had been given to him by one of his drug contacts. Post-arrest, Defendant said that he was on the ship for the purpose of delivering the cocaine to the co-defendants and that it was Defendant who told the co-defendants how to deliver the cocaine and strapped it on their bodies. Defendant told the court that the evidence presented by the government was correct.

The court did not read the indictment to Defendant, did not explain the elements of the offense to which he was pleading, or otherwise discuss the charge with him at the Rule 11 proceedings. The judge -- we suppose misled by the erroneous mention of importation in the plea agreement -- asked Defendant how he wished to plead to Count 1 of the indictment, and the judge identified that

charge as an importation offense in violation of 21 U.S.C. § 963. Defendant pled guilty; the court accepted his plea.

The misidentification of the count to which Defendant pled guilty recurred in the presentence investigation report ("PSI"). The introductory section stated that Defendant had pled guilty to an importation count, although it correctly stated the code section violated as 21 U.S.C. § 846. Twice more the PSI referenced the violation as an importation crime: once more it cited 21 U.S.C. § 846, and one time it cited 21 U.S.C. §§ 963 and 960(b)(1).

Defendant at sentencing raised the "typographical error" in the plea agreement. Defendant told the court that the plea agreement should have referred to 21 U.S.C. §§ 841 and 846, instead of 21 U.S.C. §§ 960 and 963. Defendant called the error to the court's attention only because it was picked up in the PSI. Defendant expressed no confusion about what he had pled guilty to and expressed no desire to withdraw his plea. The court said that it would have the probation officer correct the PSI. When, however, the written judgment issued, it too was internally inconsistent and repeated an erroneous importation reference. The judgment provided that Defendant was convicted of conspiracy to import cocaine in violation of 21 U.S.C. §§ 841 and 846.

Defendant filed a motion in the district court, pursuant to Fed.R.Crim.P. 36, to correct the "clerical mistake" in the judgment and to confirm Defendant's conviction and sentence. The motion stated that "the judgment incorrectly state[d] that the nature of the offense for which Mr. Steel is convicted was 'conspiracy to *import'*..." (Emphasis in original). In the motion, counsel opined that he could identify no way that the error adversely affected Defendant; but counsel sought correction so that no problem would arise when he submitted his motion to withdraw pursuant to Anders v. California, 87 S.Ct. 1396 (1967), in this Court. Again Defendant voiced no dissatisfaction with his plea of guilty to the §§ 841 and 846 conspiracy to traffick offense. The government agreed that the clerical error should be corrected. The district court issued an amended order correcting the order of judgment and accurately described the offense committed and the code sections violated.

This Court denied Defendant's lawyer's motion to withdraw and directed briefing on the issue of whether the district court plea hearing satisfied the second core concern under Fed.R.Crim.P. 11: the defendant's understanding of the nature of the charge against him. A merits brief was filed on behalf of Defendant in which Defendant recited the errors we have outlined and argued that the district court's failure to assure that Defendant understood the nature and the elements of

the charge of conspiracy to possess cocaine -- the actual charge in Count 1 of the indictment to which Defendant pled guilty -- required that Defendant be given the opportunity to withdraw his plea and to plead anew.

This Court has identified three core concerns when reviewing Rule 11 proceedings: whether (1) the guilty plea was voluntary; (2) the defendant understood the nature of the charges against him; and (3) the defendant understood the consequences of his plea. See, e.g., United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003) (quoting United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). When no objection is made to a Rule 11 violation in the district court, plain error review applies on appeal. United States v. Vonn, 122 S.Ct. 1043, 1046 (2002).

Under plain error review, a defendant must show (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." See United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993). Only after error that is plain and affects substantial rights has been shown, may an appellate court exercise its discretion to notice the forfeited error and, then, only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 117 S.Ct. 1544, 1549 (1997) (internal quotations and citations omitted). And, "[u]nder plain-error review, the silent defendant has the burden 'to show the error plain,

6

prejudicial, and disreputable to the judicial system.'" United States v. Monroe, 353 F.3d 1346, 1349-50 (11ᵗʰ Cir. 2003) (quoting Vonn, 122 S.Ct. at 1050).

Defendant has shown "error" that is "plain:" the district court failed adequately to address the nature of the charge to which Defendant was pleading. The district court and the plea agreement misstated or cited inconsistently the Count 1 offense.

This Court traditionally has assumed substantial rights were violated and reversible plain error shown when the district court failed entirely to address a core Rule 11 concern. See, e.g., United States v. Telemaque, 244 F.3d 1247, 1249 (11ᵗʰ Cir. 2001) ("Any failure to address one of Rule 11(c)'s three 'core concerns,' of which informing the defendant of the nature of the offense is one, is prejudicial plain error.)". And we have vacated convictions and remanded for further proceedings when a core concern was not addressed adequately. See id.; United States v. Quinones, 97 F.3d 473, 475 (11ᵗʰ Cir. 1996). Based on our existing caselaw, the government initially conceded that Defendant had met his burden of demonstrating plain error: the Rule 11 colloquy, combined with errors in the plea

agreement, failed to assure that Defendant understood the nature of the charges to

which he was pleading.[1]

After briefing on this appeal was complete, the Supreme Court decided

United States v. Dominguez Benitez, 124 S.Ct. 2333 (2004).   In Dominguez

Benitez, the Supreme Court wrote these words:

> We hold, therefore, that a defendant who seeks reversal
> of his conviction after a guilty plea, on the ground that
> the district court committed plain error under Rule11,
> must show a reasonable probability that, but for the
> error, he would not have entered the plea.  A defendant
> must thus satisfy the judgment of the reviewing court,
> informed by the entire record, that the probability of a
> different result is sufficient to undermine confidence in
> the outcome of the proceeding.

Id. at 2340 (internal quotation and citation omitted).  The Supreme Court

explained that the reasonable-probability standard would take into consideration

record evidence that shed light on the relative significance of the Rule 11 error on

the defendant's plea decision: later protests by the defendant (for example, at

sentencing), the overall strength of the government's case, and possible defenses

that appear from the record.  Id. at 2341.  The Supreme Court disavowed an intent

---

[1]The government noted that the Supreme Court had granted certiorari in United States v. Dominguez Benitez, 124 S.Ct. 921 (2003), on the issue of whether a defendant, to establish reversible plain error,  must show that he would not have pleaded guilty if the Rule 11 violation of which he complains had not occurred.

to second-guess a defendant's actual decision, but it also recognized the obvious: when the record made for a guilty plea and sentencing reveals strong evidence and no apparent defenses, "one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial." Id.

The record here does not persuade us that a reasonable probability exists that the district court's failure to identify correctly and consistently the nature of the charge against Defendant (albeit unfortunate and regrettable) actually impacted on Defendant's plea decision. The facts presented by the government at the plea colloquy would have permitted a conspiracy-to-possess-with-intent-to-distribute conviction as readily as they would have permitted a conspiracy-to-import conviction. No defenses are apparent on the face of the record or mentioned in the appellate briefs. At sentencing, in Defendant's presence, Defendant's lawyer clarified that Count 1 of the indictment -- the count to which Defendant pled guilty -- charged a violation of 21 U.S.C. §§ 841 and 846; reference to code sections 963 and 960(b)(1) in the plea agreement and PSI were characterized as incorrect "typographical" errors. Defendant testified at some length at the sentencing proceedings but expressed no confusion, unhappiness or desire to disavow his plea. The earlier errors had no impact on sentencing, and the judgment of conviction has been corrected to reflect the crime for which Defendant was

indicted and for which, we conclude, the record shows Defendant intended to plead.

Even at this stage of the proceedings, nothing in the record suggests that Defendant -- who received a two level safety valve reduction, a two level adjustment for acceptance of responsibility, and a one level reduction because he cooperated with the government and timely notified the government of his intent to plead guilty -- perceives himself to be prejudiced by the entry of his guilty plea. Nothing indicates a desire to go to trial. Defendant's lawyer, at our behest, argues only that Defendant should be given the opportunity to plea anew.

We do not say that the mistakes attending the nature of the offense in the present case were trifling. Nor do we suggest that district courts are not obligated to assure that a defendant entering a plea understands the offense with which he is charged. We do, however, conclude that this case is distinguishable from other Rule 11 cases where we have reversed based on a wholesale failure to satisfy the nature of the offense core concern.[2] Given Defendant's silence when the mistakes

---

[2]As the Monroe court noted, in the plain error cases where we have concluded that a Rule 11 error warrants relief, the violations resulted in "a total or almost total failure to address a Rule 11 core concern." 353 F.3d at 1355. Because (i) the district court did assure in the plea colloquy that the charges were discussed fully by Defendant and his counsel; and (ii) the discussion at sentencing clarified the nature of the offense, this case is no wholesale failure case. We leave to another day a fuller exploration of the impact of Dominguez-Benitez's reasonable probability standard on our Rule 11 core-concern-plain-error jurisprudence.

about the offense of conviction were clarified, coupled with the teaching of

Dominguez Benito, we are unconvinced that a reasonable probability exists that

the district court's errors and omissions made a difference to Defendant's plea

decision. The requirements for plain error relief are not satisfied[3].

**AFFIRMED.**

---

[3]The Dominguez Benitez decision allows, although in dicta, that the reasonable-probability test would not save a conviction obtained by guilty plea if the record contained no evidence that the defendant knew of the rights he was waiving. Because we conclude that this is not a "no evidence" case, we need not explore the contours of this potential exception to the rule announced in Dominquez Benitez.

11