[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12298
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 1, 2006
THOMAS  K. KAHN
CLERK

D. C. Docket No. 04-20862-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND DURHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 1, 2006)**

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty to a count of conspiracy to possess with intent to

distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, Desmond Durham argues for the first time on appeal that his plea should be vacated because the district court committed plain error during his Rule 11 plea colloquy by failing to outline the elements of his offense or read the contents of his indictment. Durham also appeals the district court's denial of his motions to withdraw his guilty plea and for appointment of new counsel. For the reasons that follow, we affirm.

## I. Background

Following his indictment for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841, Durham agreed to plead guilty to the conspiracy count in exchange for the government's agreement to seek dismissal of the substantive count, to refrain from seeking enhanced penalties under 21 U.S.C. § 851, and to recommend a sentence at the low end of the guidelines range.

At the change-of-plea hearing, the court determined that Durham had a twelfth grade education, that he had been given a copy of the indictment, and that he had "fully discussed" the charges in the indictment and the case in general with his counsel. Durham confirmed that he was satisfied with counsel and the advice

2

he had received. The court explained that Durham was pleading guilty to a felony and described the potential penalties. The court also described the rights Durham would forego by pleading guilty. Durham stated that he understood the implications of his guilty plea and that he was entering the plea voluntarily.

The government made the following proffer at the plea hearing: A confidential informant ("CI") working with the government contacted a man named "Junior" to arrange the sale of cocaine. Junior put the CI in contact with Durham. Over a period of seven days, the CI and Durham negotiated the sale of ten kilograms of cocaine. Eventually, the two met in a parking lot, where the CI gave Durham a bag of cocaine in exchange for a down payment of $2,000. Thereupon, Durham was arrested.

Durham confirmed during his plea colloquy that the proffer was correct and entered his guilty plea. The court accepted Durham's guilty plea, finding that there was a factual basis for the plea and that it was made knowingly and voluntarily. Two months after entering his guilty plea, Durham moved to withdraw the plea and to appoint new counsel. At that time, Durham explained that he had made a mistake in pleading guilty. Defense counsel also explained that although Durham had expressed his desire to withdraw the plea "very shortly" after it was accepted, counsel delayed filing the motion to allow time for Durham to reconsider his

decision. The government objected, asserting that the Federal Rule of Criminal Procedure 11 ("Rule 11") hearing had been sufficient and that there was no "fair and just reason" to allow Durham to withdraw his plea. The government further urged the court to conduct a hearing on Durham's motion to appoint new counsel.

The court addressed Durham's motions at sentencing. Durham asserted that his plea had been coerced by his attorney, and he requested new counsel. The court noted, however, that Durham had testified during his plea colloquy that his plea had not been coerced. Following questioning, defense counsel stated that he had been in practice for over twenty years and that he believed he had given Durham the correct advice. Nevertheless, defense counsel stated that because the attorney-client relationship was no longer working and Durham had expressed his belief that counsel had forced him to plead guilty, the court ought to appoint a new attorney to defend him.

Durham testified that he had been coerced into pleading guilty and that he had only had a few minutes in which to speak with counsel before the change-of-plea hearing. Durham further testified that during the plea colloquy he answered the court's questions as he had been instructed to answer them by counsel.

At sentencing, the court noted Durham's familiarity with the criminal justice system, as evidenced by a lengthy criminal history. The court also expressed

4

concern regarding the waste of judicial resources that would result from vacating Durham's guilty plea. Finally, the court reiterated that Durham had testified at the plea hearing that he had not been coerced, he had been provided an opportunity to inform the court that the plea was not given freely, and he had confirmed that the factual proffer was correct. The court denied Durham's motions to appoint new counsel and to withdraw the guilty plea. Defense counsel objected to these rulings. The court sentenced Durham to 168 months' imprisonment.

## II. Discussion

### Sufficiency of Plea Colloquy

Durham first argues that the district court failed to address the core concerns of Rule 11 at the change-of-plea hearing and that, accordingly, his plea must be vacated. Specifically, he contends that the court failed to determine whether Durham knew of and understood the nature of the charges against him, as the court did not explain the charges or the elements of the offense, and it did not read or summarize the indictment.

As Durham concedes, he did not raise a Rule 11 challenge to the guilty plea before the district court. When a defendant fails to assert a Rule 11 violation in the district court, he must establish plain error on direct appeal to be entitled to relief. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). "Plain error

5

occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002).

In evaluating whether a defendant has shown that his substantial rights were affected or prejudiced, this Court has examined the three "core objectives" of Rule 11: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." Monroe, 353 F.3d at 1354 (internal citations omitted). "This Court has upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns." Id. Furthermore, "in the Rule 11 context, the reviewing court may consult the whole record when considering the effect of an error on substantial rights." Id. at 1350 (citation omitted).

"[T]he inquiry varies from case to case depending on the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." United States v. DePace, 120 F.3d 233, 237 (11th Cir. 1997) (quotation omitted). Here, the district court ensured that Durham had received a

6

copy of the indictment and had discussed it with counsel. The court also read the charge to which Durham was pleading guilty and explained the penalties, and the court addressed the rights that Durham would forfeit by entering his plea. Moreover, the government made a factual proffer that outlined the conduct constituting the offense. Finally, Durham had a twelfth grade education and a sufficient criminal history that the court could assume a certain familiarity with the judicial system. See United States v. Bell, 776 F.2d 965, 968-69 (11th Cir. 1985).

Accordingly, Durham's reliance on United States v. Quinones, 97 F.3d 473 (11th Cir. 1996) and United States v. Telemaque, is misplaced. The defendant in Quinones, unlike Durham, expressed equivocation when entering his guilty plea. Moreover, the Quinones court explicitly noted that, beyond the mere failure of the district court to set out the elements of the charged offense, the record did not otherwise establish that the defendant understood the nature of the charges. Likewise, in Telemaque, unlike the instant case, the district court referred to the nature of the charged offense only once and did not ask the defendant if defense counsel had explained the charges.

In consideration of the above, and because conspiracy to possess with intent to distribute drugs is not "the most complicated of offenses," United States v. Telemaque, 244 F.3d 1247, 1249 (11th Cir. 2001), we hold that any error the

7

district court may have made in failing to discuss the elements of Durham's offense during the plea colloquy does not constitute plain error.

Motion to Withdraw Guilty Plea

Durham next argues that the court abused its discretion in denying his motion to withdraw his guilty plea because Durham did not have close assistance of counsel in light of his claim that counsel had coerced him into entering the plea. He further asserts that his plea was not knowingly and voluntarily entered and that his plea proceedings used few judicial resources. Finally, Durham denies that the government will suffer any prejudice if he is allowed to withdraw his plea.

We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion, reversing only if the decision is arbitrary and unreasonable. United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003).

A defendant may withdraw a guilty plea after the plea has been accepted and prior to his sentence being imposed if he shows a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has provided a fair and just reason for withdrawal of his plea, a court examines the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be

8

prejudiced if the defendant were allowed to withdraw his plea." Freixas, 332 F.3d at 1318 (internal quotations marks and citations omitted). We also consider the defendant's admission of guilt during the plea colloquy and the timing of the motion to withdraw. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

Here, Durham testified at his change-of-plea hearing that he was guilty of the conduct in the government's factual proffer; he further stated that his plea was entered knowingly and voluntarily and that he was satisfied with the advice of counsel. The court further noted that allowing the withdrawal would waste the judicial resources that had been expended during the plea proceedings.

Durham has produced no evidence establishing that he was coerced into pleading guilty. On the contrary, defense counsel testified that he had not coerced Durham into pleading guilty, and his advice regarding the guilty plea appears to have been sound in that it enabled Durham to avoid enhanced penalties pursuant to § 851. Furthermore, the court provided Durham with an opportunity during the plea colloquy to inform the court that he had been coerced. Instead, Durham stated that his plea was not the product of coercion. The court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Accordingly, we hold that the district court did not abuse its discretion in denying

9

Durham's motion to withdraw his guilty plea.

Motion for Appointment of New Counsel

Finally, Durham asserts that the district court erred by denying his motion for appointment of new counsel in light of his contention that he had been coerced into pleading guilty. He asserts that refusing his request for new counsel created a conflict that rendered his existing counsel ineffective under the Sixth Amendment.

The decision whether to appoint new counsel is in the district court's discretion. United States v. Dinitz, 538 F.2d 1214, 1219 n.7 (5th Cir. 1976).[1] "Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973).

An indigent criminal defendant has an absolute right to be represented by counsel, but he does not have a right to demand that a different lawyer be appointed, except upon a showing of good cause. Id. Good cause for substitution of counsel cannot be determined "solely according to the subjective standard of what the defendant perceives." Thomas v. Wainwright, 767 F.2d 738, 742

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the old Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

(citation omitted).  Furthermore, a defendant's general loss of confidence or trust in his counsel, standing alone, is insufficient to justify substitution.  Id.  Rather, good cause requires the defendant to show a conflict of interest, a complete breakdown in communication or irreconcilable conflict.  Young, 482 F.2d at 995.

Here, Durham produced no evidence, other than his own testimony, that he and his attorney suffered a complete breakdown in communication.  Indeed, his allegations are contradicted by his testimony at the change-of-plea hearing, at which he stated that he was satisfied with his counsel.  It appears that defense counsel's performance met the standards of adequate representation.  In exchange for the guilty plea, the government agreed to seek dismissal of the second count of the indictment, it removed the enhanced penalties provision, and it recommended that Durham receive a sentence at the low end of the guidelines.  Accordingly, we hold that Durham received adequate representation and the district court did not err in failing to find good cause to appoint new counsel.

For the foregoing reasons, the judgment of the district court is AFFIRMED.