[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12205
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00083-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MADDOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2007)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Joseph Maddox appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The sole issue on appeal is whether the district court erred when it denied Maddox's request to enter a conditional plea of guilt.

The district court did not plainly err. *See United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996) (stating where a defendant fails to object to plea proceedings, we review the district court's compliance with Rule 11 for plain error in order to prevent manifest injustice). With the consent of the court and the government, a defendant may enter a conditional plea of guilt by reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion with consent of the court and the government. Fed. R. Crim. P. 11(a)(2). A defendant must strictly comply with Rule 11's conditional plea requirements. *See United States v. Pierre*, 120 F.3d 1153, 1155-56 (11th Cir. 1997). The record shows that Maddox did not comply with Rule 11's requirements that a conditional plea be reserved in writing and with the consent of the court and Government. Additionally, neither this Court nor the Supreme Court have addressed the discretion of the district court to refuse conditional guilty pleas. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (holding where neither precedent nor the explicit language of the rule specifically resolves

2

an issue, plain error cannot exist).  Therefore, the court's refusal to accept

Maddox's conditional plea was not plain error.

**AFFIRMED.**