[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13969
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20204-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY DACRES, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2015)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Mark Anthony Dacres, Jr. appeals his conviction and 81-month sentence after pleading guilty to one count of knowingly possessing 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  On appeal, Dacres argues that his guilty plea is constitutionally defective and did not comply with Rule 11 of the Federal Rules of Criminal Procedure because the district court failed to ensure that Dacres understood the nature of the charges to which he pleaded guilty, as the court never informed Dacres of the elements of the offenses to which he pleaded guilty.  Dacres also contends that the district court plainly erred at the sentencing hearing by failing to ensure that Dacres had reviewed the revised pre-sentence investigation report (PSI) with his counsel before the hearing.

## I.

We review objections to the constitutionality of a guilty plea and a Rule 11 violation for plain error where the objection is raised for the first time on appeal. *United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005) (per curiam).  "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights."  *Id.* at 1019; *United States v. Olano*, 507 U.S. 725, 731–32, 113 S. Ct. 1770, 1776 (1993).   "Under plain error review, the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights."  *Moriarty*, 429 F.3d at 1019 (internal citation and quotation

2

marks omitted).  If all three factors are met, we may exercise our discretion and correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776 (internal quotation marks omitted).

The Due Process Clause requires that a defendant's guilty plea be made voluntarily and knowingly.  *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969).  A guilty plea cannot be voluntary and knowing "unless the defendant received real notice of the true nature of the charges against him." *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257 (1976) (internal quotation marks omitted).  Rule 11 was "designed to assist the district court in making the constitutionally required determination that a defendant's guilty plea is truly voluntary."  *McCarthy*, 394 U.S. at 465, 89 S. Ct. at 1170.  A district court that accepts "a guilty plea must comply with Rule 11 and specifically address three 'core principles,' [which ensure] that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea."  *Moriarty*, 429 F.3d at 1019.  Moreover, "[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights."  Fed. Rule Crim. Proc. 11(h).  A Rule 11 violation affects a defendant's substantial rights if the defendant can show a "reasonable probability that, but for the error, he would not have entered the plea."  *See United States v. Dominguez*

3

*Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). However, because the violation alleged here is both Rule 11 and due process, we need not determine whether or not Dacres has shown there was a "reasonable probability that, but for the error, he would not have entered the plea" if there is no plain error under a traditional due process analysis. *Id*. ("the violation claimed was of Rule 11, not of due process").

There is no set formula that must be applied in determining whether the district court adequately informed the defendant of the nature of the charges brought against him; rather, the level of inquiry "varies from case to case depending on the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *United States v. Camacho*, 233 F.3d 1308, 1314 (11th Cir. 2000) (internal quotation marks omitted). We have held that "a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice." *United States v. James*, 210 F.3d 1342, 1344–45 (11th Cir. 2000) (per curiam) (internal quotation marks omitted). To determine whether a Rule 11 error occurred, we may consider the entire record, not just the transcript of the Rule 11 hearing. *United States v. Vonn*, 535 U.S. 55, 74–75, 122 S. Ct. 1043, 1054–55 (2002). This court has recognized that the Rule 11(c) colloquy may be done in different ways depending on various factors. *United States v. Wiggins*, 131 F.3d 1440, 1443 (11th Cir. 1997) (per curiam). "Rule 11(c)

4

does not specify that a district court must list each element of the offense seriatim…there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." *Id* at 1442–43.

The appellant cites to three published decisions where we have concluded that plain error resulted when a district court failed to ensure that the defendant understood the nature of the charges against him. *See United States v. Telemaque*, 244 F.3d 1247 (11th Cir. 2001) (per curiam); *James*, 210 F.3d 1342; *United States v. Quinones*, 97 F.3d 473 (11th Cir. 1996) (per curiam), *abrogated by Vonn*, 535 U.S. at 74–75, 122 S. Ct. at 1054–55, *as recognized in United States v. Monroe*, 353 F.3d 1346, 1350 n.3 (11th Cir. 2003). In *Telemaque*, we concluded that the district court did not adequately inform the defendant of the charges against him where the district court only asked the defendant whether he had read the indictment and understood what he was charged with, and did not refer to the elements of the offense or inquire whether the defendant's counsel assisted him in understanding the charges. 244 F.3d at 1249. We noted that, although the charge of possessing cocaine with intent to distribute was not particularly complex, the circumstances did not suggest the defendant would understand even such simple offenses without some explanation, as he had immigrated to the United States at age sixteen, finished at the bottom of his high school class, and did not have any

5

prior involvement with the court system. *Id.* In *James*, we held that the record did not indicate that the defendant understood the elements comprising a complex charge involving racketeering because there was a complete absence of any reference to the elements of the charge during the plea hearing, in the plea agreement, or the facts supporting the charge. 210 F.3d at 1345–46. In *Quinones*, we concluded that a district court failed to ensure that the defendant understood the nature of the charges against him, which involved carrying a firearm in connection to trafficking cocaine, where the district court only asked if he had received a copy of the indictment and reviewed it with his attorney, the district court never mentioned the elements of the charged offense involving the firearm, and the defendant stated, "I plead guilty I guess." 97 F.3d at 474–75.

In contrast, we held in *United States v. DePace* that the district court did not plainly err, despite not explicitly addressing the elements of the aiding and abetting theory of liability on a charge of carrying a firearm in relation to a drug trafficking crime, because it implicitly found that the defendant understood the nature of the charges. 120 F.3d 233, 238 (11th Cir. 1997). The district court determined that the defendant had graduated from high school and had completed some college, the court read the indictment, listed the essential elements, and confirmed that the defendant had reviewed the plea agreement and the indictment with his counsel,

6

and, after the court confirmed that defendant agreed with the factual proffer, the court asked the defendant whether he had any questions about the proceedings. *Id*.

The district court here did not plainly violate the Due Process Clause's requirement, and Rule 11's core concern, of ensuring that Dacres's plea was knowing and voluntary. The district court asked Dacres whether he had reviewed and discussed the indictment, the plea agreement, and the written factual proffer with his attorney. Unlike the incomplete recitation of the elements of the complex crime in *James* by the defendant at the behest of the trial court, the written factual proffer here contained a clear and concise fact pattern which included the factual basis for all the elements of much simpler charged offenses. *See James*, 210 F.3d at 1346. Dacres was given the written factual proffer, which he read and then signed. Dacres was able to read the indictment, then read the concise proffer for the factual basis, and then turn to the plea agreement, which included a description of each charge, and make an informed decision with his attorney before he entered his plea, and the trial court verified in open court that he did all of this. Dacres stated that he had a full opportunity to discuss the charges with his attorney and that he understood every term of the plea agreement and the indictment. Dacres further stated that he agreed with the written proffer that he signed. Furthermore, the charges were not so complex as to prevent Dacres—a high school graduate who had no history of mental problems, with the exception of a school-age

7

diagnosis as emotionally handicapped—from understanding them. *See Depace*, 120 F.3d at 237. Dacres pled to possessing over 15 social security numbers with intent to defraud in count one and possessing one specific person's social security number in count two, and the government agreed to drop the other five counts. The factual proffer explains, among other things, that a search warrant revealed over 1,750 social security numbers at Dacres's home. It cannot be said that these charges were particularly complex.

The district court was not required to orally recite the elements of the charged offense in a particular fashion; the district court was required to make sure Dacres understood the nature of the charges. *See Wiggins*, 131 F.3d at 1442–43. The district court ensured Dacres understood the nature of the charges when it inquired whether he read the indictment, plea agreement, and factual proffer with his attorney. While factual bases are often recited in open court, the written proffer here is convenient for the defendant. As in *DePace*, the district court did not need to perform some exhaustive oral recitation and go over all of this information again when it was apparent, under all the circumstances, that the defendant understood the charges against him. *See DePace*, 120 F.3d at 238. Therefore, we hold that the district court did not plainly err.

II.

When a defendant raises an objection for the first time on appeal, review is for plain error only. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1290–91 (11th Cir. 2003) (per curiam). An error affects a party's substantial rights if there is a reasonable probability that the error affected the outcome of the case. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

Rule 32 of the Federal Rules of Criminal Procedure provides that a district court must verify at sentencing that "the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). In applying a prior version of Rule 32, we held that no specific inquiry was required in order for the district court to meet its obligation, as long as there were some indicia in the record evidencing that counsel had reviewed the PSI with the defendant. *See United States v. Phillips*, 936 F.2d 1252, 1255 (11th Cir. 1991).

Dacres has not established that the district court plainly erred by violating Rule 32. The alleged error of failing to ensure that Dacres had reviewed the

9

revised PSI is not plain because the district court asked whether Dacres's counsel had been over "the PSI" with him, and there is no precedent requiring the district court to specifically refer to the "revised" PSI when verifying whether the defendant read and discussed the PSI with his counsel.  Further, Dacres's objections during the sentencing hearing indicate that he had seen the revised PSI, and thus suggest that his counsel's reference to reviewing "the PSI" with Dacres referred to the latest version of the PSI.  Nevertheless, even assuming that the district court did violate Rule 32, Dacres has not shown that this alleged error affected his substantial rights.  Notably, Dacres does not point to any prejudice caused by the error and never actually asserts that he did not read or discuss the revised PSI with his attorney.

**AFFIRMED.**