[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 21, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15809
Non-Argument Calendar

_____

D.C. Docket No. 04-00063-CR-P-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELJUAN PRETTYMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

**(July 21, 2005)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Deljuan Prettyman appeals his convictions for conspiracy to distribute and

to possess with intent to distribute crack cocaine, in violation of  21 U.S.C. § 846

(Count 1), and distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C) (Counts 3,4, and 5). On appeal, Prettyman argues that the district court failed to comply with Fed. R. Crim. P. 11 (b)(1)(H) and (b)(1)(I) by not properly informing him of the mandatory minimum penalty or possible maximum penalty for each count of the indictment. Prettyman specifically contends that, during the plea colloquy, the court did not fully address the impact that the 21 U.S.C. § 851 enhancement filed by the government would have on his minimum and maximum penalties. Prettyman asserts that the court did not know to which counts the § 851 enhancement applied and did not inform him of the maximum and mandatory minimum penalties that he was facing under each count. Moreover, Prettyman contends, the district court incorrectly informed him regarding the maximum possible penalty that he was facing should the § 851 enhancement apply to Counts 4 and 5 of the indictment. Thus, because the court failed to advise him of the direct consequences of his plea, Prettyman argues, his plea was not made knowingly and intelligently.

We review "the issue of a Fed. R. Crim. P. 11 violation for plain error when it was not raised before the district court." *United States v. James*, 210 F.3d 1342, 1343 (11th Cir. 2000). "Under plain-error review, the defendant has the burden to

2

show that there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (internal citations and quotations omitted). The "reviewing court may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002).

Rule 11 requires that, before the court accepts a plea of guilty, it must address the defendant personally in open court and determine that the defendant understands any maximum possible penalty, including imprisonment, fine and term of supervised release, as well as any mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(H), (I) (2005). A court accepting a guilty plea must comply with Rule 11, and, in particular, address three "core concerns" by ensuring that: (1) the guilty plea is voluntary; (2) the defendant understands the nature of the charges; and (3) the defendant understands the consequences of his guilty plea. *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996). However, we have "upheld plea colloquies that fail to address an item expressly required by Rule 11 so long

as the overall plea colloquy adequately addresses these three core concerns."

*Monroe*, 353 F.3d at 1354.

We find that Prettyman has failed to carry his burden of showing that the district court plainly erred. The district court informed Prettyman (1) as to the maximum and minimum penalties pertaining to each count of the indictment, (2) that the government filed a § 851 enhancement, and (3) that, if the enhancement applied, then the maximum sentence would increase to 20 years to life. Thus, overall, the district court's plea colloquy complied with Rule 11 and addressed the core concerns as stated in *Monroe*. *See* 353 F.3d at 1354.

Because Prettyman has failed to carry his burden, the district court committed no reversible error. Accordingly, we affirm the district court's ruling.

**AFFIRMED.**