[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2007
THOMAS K. KAHN
CLERK

No. 06-14627
Non-Argument Calendar

_____

D. C. Docket No. 06-60096-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIGO CHRISTOPHER ALLICOCK,
a.k.a. Martin Pitts,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 15, 2007)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rodrigo Allicock appeals both his conviction and his 180-month sentence

for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Allicock pleaded guilty pursuant to a plea agreement. That agreement contained a provision in which Allicock waived his right to appeal any sentence imposed by the district court. On appeal he contends that: (1) his guilty plea is invalid because the district court did not specifically inform him of his right to persist in his not guilty plea; (2) the sentence waiver in his plea agreement is invalid because it was not entered into knowingly and voluntarily; (3) his sentence enhancements under 18 U.S.C. § 924(e) were improper because the presentence investigation report incorrectly classified some of his prior convictions as violent felonies; and (4) the district court violated the Fifth and Sixth Amendments by sentencing him in excess of the statutory maximums for the indicted offense. Because Allicock's contentions lack merit, we affirm his conviction and his sentence.

On March 30, 2006, Allicock was charged for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count I) and for making a false statement to a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(1)(B), (a)(2) (Count II). The indictment arose from Allicock's January 2006 purchase of three firearms at a gun show in Fort Lauderdale. Realizing that his convicted felon status would prevent him from purchasing

firearms in his own name, Allicock persuaded Sonia McEwan, his aunt, to complete the necessary paperwork in his stead. Aunt Sonia complied by filling out ATF Form 4473, listing herself as the firearms purchaser, but Allicock provided the money for the firearms. The transaction was not completed on the day of the gun show. It was completed three days later when Allicock picked up the firearms from a firearms store in Pompano Beach, Florida.

Unfortunately for Allicock, ATF agents interviewed his Aunt Sonia on the same day he picked up the firearms. She admitted that she had helped him acquire the firearms. Shortly after Aunt Sonia's admission, Allicock was arrested. The government then obtained the two-count indictment against him.

Allicock initially pleaded not guilty, but changed his plea after reaching an agreement with the government. In exchange for his plea, the government agreed to drop the second count in the indictment. The plea agreement advised Allicock that if he pleaded guilty, which he did, he would face a minimum mandatory prison sentence of fifteen years and a maximum prison sentence of life. His plea agreement also contained a sentence-appeal waiver. The waiver stipulated that Allicock could appeal his sentence in two circumstances: (1) if his sentence exceeded the maximum sentence permitted by statute and/or was the result of an upward departure from the guideline range; or (2) if the government appealed his

3

sentence.

Allicock now contends that his guilty plea did not meet the requirements of due process or of Rule 11 of the Federal Rules of Criminal Procedure, because the district court did not inform him of his right to persist in a not guilty plea. Since Allicock failed to raise any Rule 11 violations before the district court, our review is for plain error. See United States v. James, 210 F.3d 1342, 1343 (11th Cir. 2000). A plain error is an error that "is clear or obvious and affects substantial rights." United States v. Hernandez-Fraire, 208 F.3d 945, 951 (11th Cir. 2000).

Rule 11(b) governs the acceptance of guilty pleas. It places upon a district court the "obligation and responsibility" to inquire into whether a defendant entered his plea knowingly and voluntarily. Id. As part of that inquiry the Rule enumerates several requirements the district court must satisfy before accepting a guilty plea, including the requirement to inform the defendant of "the right to plead not guilty, or having already so pleaded, to persist in that plea." Fed. R. Crim. P. 11(b)(1)(B). However, the district court is not required to quote verbatim from Rule 11, and any variance from the Rule's requirements constitutes harmless error if it does not affect the defendant's substantial rights. See Fed. R. Crim. P. 11(h).

Although a rote recitation of the rule is not required, a district court does

commit plain error if it fails to address the three core concerns that underpin Rule 11: (1) that the defendant's guilty plea did not result from coercion; (2) that the defendant appreciates the nature of the charges against him; and (3) that the defendant understands the consequences of a guilty plea. Hernandez-Fraire, 208 F.3d at 949. The Supreme Court has held that a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that but for the error he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." Id. (citation omitted).

Allicock bases his contention on this Court's holding in Hernandez-Fraire that a district court's failure to ensure that the defendant understood his rights before accepting a plea was plain error. 208 F.3d at 951–52. During the sentencing colloquy the defendant in Hernandez-Fraire stated that he understood neither the nature of the proceedings nor the rights he was waiving by agreeing to plead guilty. Id. at 948. We vacated the defendant's guilty plea because "the district court failed to inform him of his right to plead not guilty, his right to the

5

assistance of counsel at trial, his right to confront and cross-examine adverse witnesses at trial, and his right against compelled self-incrimination." Id. at 946. We further noted that "the district court's failures to inform strike at the heart of what Rule 11 was designed to prevent—the unknowing and unintelligent waiver of constitutional rights." Id. at 951. However, in United States v. Moriarty, 429 F.3d 1012, 1020 n.5 (11th Cir. 2005), we noted that Hernandez-Fraire addressed a specific set of narrow facts involving a defendant who had informed the court that he did not understand the proceeding or his rights and a court that accepted the defendant's plea anyway and, in the process, exhibited an "almost total failure" to address the core concerns of Rule 11.

Here, Allicock has offered no evidence to show that the district court's plea colloquy failed to address the three core concerns of Rule 11 or that he would not have pleaded guilty but for the district court's failure to advise him of his right to persist in his not guilty plea. During his plea colloquy Allicock's attorney informed the district court that he had "explained the repercussions of the plea agreement with [Allicock] on numerous occasions . . . ." The district court judge advised Allicock that entering a guilty plea would cause him to forfeit his right to a jury trial, his right to be represented by an attorney at trial, his right to call witnesses on his behalf, his right to cross-examine the government's witnesses, his

6

right to testify, and his right to compel the government to establish his guilt beyond a reasonable doubt. When asked whether he understood that he was waiving those rights, Allicock responded that he did. When asked whether he had received any promises from government other than those contained in the plea agreement, Allicock replied that he had not. And unlike the defendant in Hernandez-Fraire, none of Allicock's statements suggested that he did not understand the purpose of the plea hearing or the ramifications of a guilty plea. Therefore, Allicock has not established that the plea colloquy failed to adequately address the three core concerns of Rule 11 or that he would not have pleaded guilty if he had been more specifically informed of his right to persist in his not guilty plea. See Dominguez Benitez, 542 U.S. at 83, 124 S. Ct. at 2340.

Allicock's second contention is that he did not knowingly and voluntarily waive his right to appeal his sentence. The voluntariness of an appeal waiver is a legal issue reviewed de novo. United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001). "An appeal waiver is valid if a defendant enters into it knowingly and voluntarily. We have consistently enforced knowing and voluntary appeal waivers according to their terms." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006) (citation omitted). We interpret the terms in a plea agreement based on the parties' intent at the time they entered the agreement. United States v. Rubbo,

7

396 F.3d 1330, 1334 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 416 (2005).

Paragraph eleven of Allicock's plea agreement states that "the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, . . . unless the sentence exceeds the maximum permitted by statute and/or is the result of an upward departure from the guideline range the court establishes at sentencing." Allicock acknowledges that this Court generally enforces appeal waivers, but nonetheless maintains that his waiver should not be enforced. He argues that his "lay understanding" of the law prevented him from realizing that the 15-year mandatory minimum term of imprisonment set forth in 18 U.S.C. § 924(e) was not an appealable sentencing departure, and therefore, his appeal waiver was not truly knowing and voluntary. The record does not support Allicock's argument.

During the plea colloquy the district court repeated the language of the appeal waiver, advising Allicock that "you are waiving your right to appeal unless the sentence exceeds the statutory maximum or is the result of an upward departure from the Guideline range established at the time of sentencing." The district court also told Allicock that he would be sentenced to a minimum of 15-years imprisonment. In addition, the plea agreement itself stated that Allicock was facing a statutory minimum sentence of 15-years imprisonment. Further,

Allicock's attorney told the district court that he had discussed the ramifications of the plea agreement with Allicock "on numerous occasions." All of the evidence in the record indicates that Allicock understood the plea agreement, including the appeal waiver. In return for what he voluntarily gave up in the bargain, Allicock received the benefit of the government dropping one of the two counts against him. Because the appeal waiver is enforceable, we need not consider the merits of the other two issues Allicock raises on appeal.

**AFFIRMED.**