[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12853
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00103-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE LEE NELSON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 12, 2010)

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Maurice Lee Nelson, III, appeals his sentence of 236 months of imprisonment followed by 25 years of supervised release on the basis that his guilty plea was not knowing and voluntary. The district court plainly erred in advising Nelson that he faced a maximum of 5 years of supervised release, instead of life, but that error did not affect Nelson's substantial rights. Accordingly, we AFFIRM.

## I. BACKGROUND

Nelson was indicted on one count of persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of making a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). R1-2.

The government provided Nelson with a written plea agreement, which specified that he faced, *inter alia*, a mandatory minimum sentence of 15 years of imprisonment and up to 30 years of imprisonment and up to 5 years of supervised release. R1-51(2) at 2. Nelson signed the plea agreement on 22 December 2008. *Id.* at 7. On the same day, the district court held a Fed.R.Crim.P. 11 colloquy, but the colloquy was aborted mid-way through the proceedings because Nelson disagreed with some of the facts the government proffered in support of the plea. R3 at 8-14. The district court did not discuss the terms of Nelson's sentence.

In February 2009, the district court held another plea colloquy, during which the prosecutor told Nelson that the possible penalties he faced were, *inter alia*, a minimum mandatory sentence of 15 years of imprisonment and up to 30 years of imprisonment and up to 5 years of supervised release. R4 at 11. The district court then accepted Nelson's guilty plea without a written plea agreement. *Id.* at 15-16.

The presentence investigation report (PSI) indicated that Nelson's guideline imprisonment range was 210 to 262 months of imprisonment, and his minimum term of supervised release was 5 years and the maximum term was life. PSI ¶¶ 83, 86, 93. Attached to the PSI was a sentencing recommendation, recommending that Nelson be sentenced to 236 months of imprisonment followed by 25 years of supervised release. PSI Sentencing Recommendation. Nelson did not object to the term of supervised release stated in the PSI. PSI Addendum.

At the sentencing hearing, Nelson affirmed that he had reviewed the PSI "in detail" and that he had no objections to the PSI. R6 at 2. Nelson requested that he be sentenced at the bottom of the guidelines range and that his sentence run concurrently with his sentence in a separate case in the Southern District of Florida. *Id.* at 6. The district court determined that the PSI was accurate and sentenced Nelson to 236 months of imprisonment to run consecutive to his Southern District of Florida sentence. *Id.* at 15. The district court also sentenced

3

Nelson to 25 years of supervised release to run concurrently to his 25-year supervised release period imposed by the Southern District of Florida. *Id.* at 6, 16. Following the imposition of the sentence, the district court again solicited objections, and Nelson did not object to the term of supervised release. *Id.* at 19-20.

## II. DISCUSSION

Nelson argues that, because he was never told before pleading guilty that he could sentenced to supervised release for 25 years or life, but instead was told that the maximum term of supervised release was 5 years, there was a reasonable probability that, but for the error, he would not have entered his plea. Nelson also claims that the fact that his term of supervised release was ordered to run concurrently with the term imposed by the Southern District of Florida, the error means that he would still face imprisonment under the instant judgment if he were to violate the terms of his supervised release. Finally, Nelson asserts that the fact that he was misadvised as to his term of supervised release is of greater consequence than if he had simply been uninformed, and that prejudice affecting his substantial rights ought to be presumed.

The government claims that Nelson's case is controlled by *United States v. Brown*, 586 F.3d 1342 (11th Cir. 2009), *pet. for cert. filed*, (U.S. Jan. 25, 2010)

(No. 09-8833), and Nelson failed to produce evidence to show a reasonable probability that he would not have pled guilty had he known the maximum term of supervised release was life, not five years. The government argues that Nelson's failure to object to the PSI, move to withdraw his plea, or object during the sentencing hearing shows that his substantial rights were not affected.

Nelson replies by arguing that *Brown* is distinguishable from his case because in *Brown*, the defendant had entered into a beneficial plea bargain, and Nelson had no plea bargain in operation and thus did not get the benefit of fulfillment of any material part of any agreement but instead received a term of supervised release greater than he was led to believe possible. Specifically, Nelson points out that he requested a sentence at the bottom of the guidelines range to run concurrently with his Southern District of Florida sentence, but the district court sentenced him to the middle of the guidelines range to run consecutively to his previous sentence. Nelson also claims that a PSI issued subsequent to a plea cannot correct an error that previously contributed to inducing a plea.

We review the issue of a violation of Fed.R.Crim.P. 11 for plain error when, as here, the defendant did not raise any Rule 11 issues before the district court. *United States v. James*, 210 F.3d 1342, 1343 (11th Cir. 2000). Plain error requires the defendant to show: (1) an error, (2) that is plain, (3) that affects substantial

5

rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).

A district court accepting a plea of guilty must comply with Rule 11 and, in particular, address the "core concerns" of Rule 11 by ensuring, among other things, that the defendant understands the consequences of his plea. *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). Rule 11 provides, in relevant part, that "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed.R.Crim.P. 11(b)(1)(H).

In *Brown*, we held that, while the district court had committed plain error in informing Brown that he faced a maximum term of three years of supervised release when he really faced life, Brown failed to prove that he was prejudiced. *Brown*, 586 F.3d at 1346. Specifically, we found that because the error in the plea

hearing was corrected by the PSI, and Brown did not object to the PSI's correct statement of the term of supervised release, Brown's actions indicated that his substantial rights were not harmed during the plea hearing. *Id.* Moreover, whether Brown received a benefit from his plea agreement appears to be irrelevant as our opinion does not discuss the particulars of Brown's plea agreement or any benefits he may have received from it. *See generally id.*

The district court did plainly err in advising Nelson that he faced a maximum of five years of supervised release at his Rule 11 hearing, but the error did not affect Nelson's substantial rights. Nelson states (1) that he was prejudiced because he was sentenced to a greater supervised release term than he was advised; and (2) that a reasonable probability exists that he would not have pled guilty, except for the error. However, the record shows that Nelson was provided with a copy of the PSI and went over it thoroughly with his attorney yet did not object to the statement of the correct term of supervised release. R6 at 2. Accordingly, Nelson cannot show that his substantial rights were harmed in light of his failure to object to the correct statement in the PSI. *See Brown*, 586 F.3d at 1346.

## III. CONCLUSION

Although the sentencing court erred in advising Nelson as to the number of years of supervised release he faced, because that error did not affect Nelson's substantial rights, we **AFFIRM.**