[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14919
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00006-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY A. DAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 14, 2010)

Before EDMONDSON, BIRCH  and BLACK, Circuit Judges.

PER CURIAM:

Gregory A. Day appeals his conviction and sentence of 212 months' imprisonment, imposed after he pled guilty to violating 18 U.S.C. §§ 922(g) and 924(e), for being a convicted felon in possession of firearms. Day claims that because his plea was based on misinformation provided by both the Government and the magistrate judge, the judgment and sentence based thereon are invalid. We address Day's contention and affirm.

Rule 11 of the Federal Rules of Criminal Procedure requires a district court "to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea," before accepting the plea. *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). To ensure the plea is knowing and voluntary, the district court must, *inter alia*, inform the defendant of "any maximum possible penalty." Fed. R. Crim. P. 11(b)(1)(H).

Both Day and the Government agree the plea agreement and the magistrate judge's plea colloquy failed to advise Day that his maximum sentence under the Guidelines was life in prison. In fact, during the plea colloquy, the magistrate judge incorrectly stated Day's maximum possible sentence was 180 months. However, because Day failed to raise this issue before the district court, even after the Presentence Investigation Report and the sentencing judge correctly stated

2

Day's actual Guidelines range, we review only for plain error. *See United States v. James,* 210 F.3d 1342, 1343 (11th Cir. 2000); Fed. R. Crim. P. 52.

To demonstrate plain error, the defendant must show the district court committed "a clear error that prejudiced him by affecting his substantial rights." *United States v. Brown,* 586 F.3d 1342, 1345 (11th Cir. 2009); Fed. R. Crim. P. 52. To show his substantial rights were affected, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). In his reply brief, Day concedes he cannot show a reasonable probability that but for being misled as to the maximum sentence for which he was eligible, he would not have entered the plea. He, therefore, cannot meet his burden for obtaining relief under the plain error standard.

In the reply brief, Day abandons his initial request that this Court "vacate the Judgment and reverse with directions that [Day] be permitted to withdraw his plea," and instead requests that we "vacate the sentence and remand with directions that [Day] be resentenced to no more than 180 months." Day provides no legal

3

support suggesting this Court has the authority to craft such a remedy absent a plain error that affected Day's substantial rights.

"[F]ederal appellate courts have only a limited power to correct errors that were . . . not timely raised in the district court." *United States v. Rodriguez,* 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation and alteration); *see also* Fed. R. Crim. P. 52. In this case, the lack of plain error divests us of the authority to provide the remedy Day seeks. We, therefore, affirm his conviction and sentence.

**AFFIRMED.**