# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10930
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA WILLIAM JACKSON,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-196-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

After the district court held a competency hearing and found Joshua William Jackson competent to stand trial, it granted his motion to proceed pro se with the assistance of standby counsel. Jackson later pleaded guilty to using an interstate commerce facility to aid a racketeering enterprise, receiving a firearm while under indictment, and cyberstalking. The district court imposed consecutive sentences totaling 156 months of imprisonment. It also imposed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrent three-year terms of supervised release and ordered Jackson to pay $839 in restitution and a $300 special assessment.

As his sole issue on appeal, Jackson argues, through counsel, that his guilty plea to using an interstate commerce facility to aid a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) was not knowing or voluntary because the magistrate judge who conducted his rearraignment did not adequately determine that he understood the nature of the charge or how the facts related to the charge. Because Jackson did not raise this issue before the district court, review is for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As part of the plea colloquy, the court must address the defendant and inform him of the nature of the charge against him. FED. R. CRIM. P. 11(b)(1)(G). For simple charges, reading the charging document usually suffices, but for "charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required." *United States v. Green*, 882 F.2d 999, 1005 (5th Cir. 1989) (internal quotation marks and citation omitted). The Eleventh Circuit has held that a charge under § 1952 is a complex charge. *United States v. James*, 210 F.3d 1342, 1345 (11th Cir. 2000).

In § 1952, "[t]he term 'unlawful activity' includes any business enterprises involving prostitution offenses in violation of the laws of the state where committed." *United States v. Clemones*, 577 F.2d 1247, 1254 (5th Cir.), modified, 582 F.2d 1373 (5th Cir. 1978). The elements of the state law violation

comprising the underlying unlawful activity need not be outlined to satisfactorily appraise a defendant of the nature of a charge under § 1952(a)(3). *Green*, 882 F.2d at 1007. Even if we assume that Jackson's § 1952(a)(3) charge was complex, he has not shown a plain error under Rule 11(b)(1)(G), as the magistrate judge had the prosecutor read the indictment and list the elements of the offense, and Jackson stated that he understood.

Conceding that the magistrate judge explained "the bare bones elements" of the offense, Jackson argues that his plea was not knowing because the magistrate judge did not explain what facts supported those elements. Before accepting a guilty plea, a court must make sure "that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc); FED. R. CRIM. P. 11(b)(3). The factual resume provides that Jackson promoted the prostitution of "V.N." by posting advertisements online and conversing with potential commercial sex customers over a cellular phone and that Jackson benefitted financially from doing so. The facts contained in the factual resume, which Jackson testified were true and correct, are sufficient to support his conviction under this standard. *See United States v. Trejo*, 610 F.3d 308, 313, 317 (5th Cir. 2010); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74, (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Before taking Jackson's plea, the court confirmed that Jackson had conferred with standby counsel about pleading guilty and that counsel had no qualms about his competency and believed his plea would be knowing and voluntary. Jackson cites no authority that creates any duties beyond those spelled out in Federal Rule of Criminal Procedure 11 before a court can accept a guilty plea, even in complex cases or from an otherwise competent defendant

3

with mental health problems.    Because Jackson has not shown that the magistrate judge's compliance with Rule 11 or district court's acceptance of his guilty plea amounted to plain error, the judgment of the district court is AFFIRMED.