[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12283

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES JOSEPH BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00188-PGB-TBS-1

_____

Before BRASHER, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

This case returns to us after the United States Supreme Court vacated our prior decision and remanded for our reconsideration following *Erlinger v. United States*, 602 U.S. 821 (2024). Defendant-Appellant James Joseph Bryant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The presentence investigation report (PSR) recommended that Bryant be sentenced under the Armed Career Criminal Act (ACCA) due to his four prior qualifying convictions committed on separate occasions. The district court adopted the PSR's factual statements without objection from Bryant and applied an enhanced sentence under the ACCA. *Erlinger* later clarified that a defendant has the right under the Fifth and Sixth Amendments to have a jury, instead of a judge, determine whether the qualifying offenses took place "on at least three different occasions (so that ACCA's enhanced sentences would apply) or during a single criminal episode (so that they would not)." 602 U.S. at 835. We now reconsider Bryant's challenge to his sentence based on *Erlinger* and revisit his other four arguments. After careful review, we affirm.

## I.    Background

In August 2018, Bryant was charged by indictment with possessing a firearm as a convicted felon. The indictment charged that Bryant:

> having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including [four prior convictions], did

knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is, a 9mm Jimenez Arms, model JA Nine, pistol and Winchester ammunition. In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Bryant entered a guilty plea pursuant to a plea agreement. The PSR recommended that Bryant be sentenced pursuant to the ACCA due to his four prior qualifying convictions: aggravated battery in 1988; principal to aggravated assault in 1993; and two counts of possession to distribute cocaine base on January 8, 1999, and January 15, 1999, which were resolved in the same federal case. Bryant never objected to the PSR's statement of the offense dates or its recommendation that the district court sentence him under the ACCA based on those crimes. The district court found the sentencing guidelines range to be 180 months, in part because of the ACCA's application. The district court applied the ACCA and ultimately imposed a prison term of ten years (120 months) and a supervised release term of five years.

## II.    Bryant Cannot Show That His ACCA-Enhanced Sentence Was Plain Error

When a defendant raises an issue for the first time on appeal, we review for plain error. *See United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023). Plain error places the burden on the defendant to establish (1) an error; (2) that is plain; (3) that has affected the defendant's substantial rights; and (4) that seriously affects "the fairness, integrity or public reputation of judicial proceedings."

*Greer v. United States*, 593 U.S. 503, 507–08 (2021) (quotation marks omitted). For an error to be plain, the issue must be specifically resolved by the operative text or by precedent from this court or the Supreme Court. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam). An error affects a defendant's substantial rights if the error is prejudicial, meaning it "affected the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quotation marks omitted). A defendant meets the burden of showing his substantial rights were affected if he can show a "reasonable probability that the result would have been different but for the error." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005); *see also United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006).

To trigger ACCA enhancements, the government must prove that the defendant had at least three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Erlinger*, the Supreme Court held that allowing a sentencing judge to make these findings by a preponderance of the evidence violates the Fifth Amendment's guarantee of due process of law and the Sixth Amendment right to a jury trial. 602 U.S. at 833–35. Instead, "[t]he Fifth and Sixth Amendments contemplate that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt." *Id.* at 840 (quotation marks omitted and alteration adopted). The Court explained that the occasions inquiry entails asking whether the "offenses differed enough in time, location, character, and purpose to have transpired on

different occasions." *Id.* at 840. "[N]o particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones." *Id.* at 841. But courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Wooden v. United States*, 595 U.S. 360, 370 (2022). "[O]ffenses separated by substantial gaps in time or significant intervening events" will ordinarily not count as part of one occasion. *Id.* at 369.

As an initial matter, plain error review applies here. While Bryant initially objected to the facts of his prior offenses as described in the PSR, these objections were withdrawn or forfeited between the time the PSR was prepared and sentencing. At sentencing, Bryant twice stated that he did not object to the facts in the PSR, which included information about his prior offenses and stated that they were "committed on different occasions." Bryant challenges whether his prior offenses were committed on different occasions for the first time on appeal.

Even if Bryant could show that an *Erlinger* error occurred because a jury did not find beyond a reasonable doubt that his ACCA predicate offenses were committed on different occasions, and he did not freely admit they were committed on separate occasions during his guilty plea, he cannot show that this error affected his substantial rights. No reasonable jury could conclude that his prior offenses were not committed on at least three different occasions because they were separated by spans of years: 1988, 1993, and 1999. *See Wooden*, 595 U.S. at 370. Even if his two charges

for possession to distribute cocaine base in January 1999 are grouped together, his other two offenses in 1988 and 1993 still bring his total prior offenses to three, as the ACCA requires. *See* 18 U.S.C. § 924(e). Thus, even if Bryant could show an error that is plain under *Erlinger*, he fails to meet his burden under plain error review because he cannot show a "reasonable probability that the result would have been different." *Rodriguez*, 398 F.3d at 1301.

### III.   The District Court Did Not Lack Jurisdiction

"We review questions of subject matter jurisdiction de novo." *United States v. Morales*, 987 F.3d 966, 978 (11th Cir. 2021). And "[u]nder the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). A case is overruled only when there is actual conflict, not when there is merely inconsistent reasoning. *Id.* at 1237.

Someone previously convicted of a felony may not possess a firearm "in or affecting commerce." 18 U.S.C. § 922(g). At the time Bryant possessed the firearm, the felon-in-possession statute provided that "[w]hoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2) (2006) (amended 2018 and 2022). In *Rehaif v. United States*, the Supreme Court held that the scope of the word "knowingly" in § 924(a)(2) "applies both to the defendant's conduct and to the defendant's status." 588 U.S. 225, 227 (2019). So "18 U.S.C. § 922(g),

when read in conjunction with § 924(a)(2), requires not only that the defendant know that he possesses a firearm, but also . . . know that he is a felon." *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020) (citing *Rehaif*, 588 U.S. at 229–31).

Generally, "[t]he standard for whether an indictment sufficiently alleges a crime is not demanding. An indictment tracking the statutory language and stating approximately the time and place of an alleged crime is sufficient." *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020). An omission of an element of a crime "does not strip the district court of jurisdiction." *Id.* at 1334 (quotation marks omitted). Specific to this statute, omission of the knowledge-of-felon-status element is not jurisdictional. *Id.* at 1336. Also, 18 U.S.C. § 924(a) need not be charged in addition to § 922(g), because § 922(g) is already a complete criminal prohibition. *Id.* at 1337.

Here, prior precedent establishes that failure to allege knowledge of felony status or charge a violation of § 924(a) does not compromise the subject matter jurisdiction of the district court. *See, e.g., id.* at 1334. While this omission may render an indictment insufficient, as held in *Moore*, this fact alone will not invalidate jurisdiction. *Id.* Therefore, Bryant's claim to the contrary cannot stand, and jurisdiction was not implicated in this case.

## IV.    The District Court Did Not Plainly Err in Accepting Bryant's Guilty Plea

We "review[] the issue of a Fed. R. Crim. P. Rule 11 violation for plain error when it was not raised before the district court."

*United States v. James*, 210 F.3d 1342, 1343 (11th Cir. 2000) (per curiam).

When a defendant seeks to invalidate a guilty plea on Rule 11 grounds, under plain error review, the defendant must demonstrate his substantial rights were affected by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The Supreme Court has suggested that at least a certain class of constitutional error relieves the defendant of this obligation. *Id.* at 84 n.10 (noting that "when the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed"). But neither we nor the Supreme Court have distinguished between the Rule 11 and due process analyses in cases analyzing *Rehaif* errors. Both situations require the defendant to show a reasonable probability that, but for the error, he or she would not have pled guilty. *Greer*, 593 U.S. at 505–10; *Bates*, 960 F.3d at 1295–96; *United States v McLellan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020). We review the whole record to determine if there was a substantial effect on the defendant's rights. *United States v. Dudley*, 5 F.4th 1249, 1256 (11th Cir. 2021).

In *Greer*, the Supreme Court held that the defendant had not established plain error for failure to inform him that the government would be required to prove that he knew he was a felon, in part because "[i]f a person is a felon, he ordinarily knows he is a felon." 593 U.S. at 508. We have reviewed other evidence that the

defendants making challenges under *Rehaif* knew they were felons. *See, e.g., Moore*, 954 F.3d at 1337–38 (rejecting that a *Rehaif* error affected defendants' substantial rights because defendants had served lengthy sentences, had previously been charged under § 922(g), stipulated to their felony convictions, and one bore a tattoo stating the duration of his prior sentence).

Here, Bryant's claim does not survive plain error review. First, it was plainly erroneous for the district court not to inform Bryant that the government would be required to prove his knowledge of felony status, and this error is a defect in his plea colloquy. But Bryant has not asserted that he would not have pled guilty had he been properly informed. Bryant expressed no confusion at being classified as a felon. And it is unlikely he forgot the 160-month sentence he completed in 2011. The bottom line: Bryant has not alleged that he did not know he was a felon, nor has he shown a reasonable probability that he would not have pled guilty absent the error. Therefore, Bryant's claim fails.

### V.    18 U.S.C. § 922(g) is Constitutional

Challenges to the constitutionality of statutes are reviewed de novo if raised below and for plain error if raised for the first time on appeal. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

As a preliminary matter, Congress has the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. But Congress exceeds its commerce power, as demonstrated in *United States*

*v. Lopez*,[1] when a congressional act lacks a jurisdictional element ensuring the prohibition in question affects interstate commerce. Congressional prohibitions will also be struck down as unconstitutional if the claimed effects on interstate commerce are considered too attenuated. *United States v. Morrison*, 529 U.S. 598, 614–18 (2000). We have upheld the constitutionality of § 922(g) under the Commerce Clause. *See Wright*, 607 F.3d at 715.

We review § 922(g)'s constitutionality for plain error as Bryant raises the issue for the first time on appeal. The district court did not plainly err because neither the text of the Commerce Clause nor any binding caselaw resolves this issue in Bryant's favor. Both *Lopez* and *Morrison* are distinguishable for their treatment of different statutory provisions than the one at issue here, section 922(g). *Lopez*, 514 U.S. at 561; *Morrison*, 529 U.S. at 613. And we have squarely held § 922(g) constitutional under Congress's commerce power. *See Wright*, 607 F.3d at 715–16. In sum, the caselaw that exists upholds § 922(g) against challenges like Bryant's under plain error, and his claim fails.

## VI.    Aggravated Assault Qualifies as a Violent Felony Under ACCA

If not raised below, whether a prior conviction may serve as an ACCA predicate offense will be reviewed only for plain error. *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014).

---

[1] 514 U.S. 561–62 (1995) (striking down a prohibition on possessing firearms near schools in part because it lacked a jurisdictional element).

Bryant argues that Florida law aggravated assault does not qualify as a violent felony under the ACCA because it includes reckless conduct. Bryant is correct that no crime which may be committed with the mens rea of recklessness satisfies the definition of a violent felony. *Borden v. United States*, 593 U.S. 420, 429 (2021) (plurality opinion). But his argument fails because assault, and therefore also aggravated assault, cannot be committed recklessly under Florida law. *United States v. Gary*, 74 F.4th 1332, 1335 (11th Cir. 2023) (per curiam) (citing *Somers v. United States*, 355 So. 3d 887, 891 (Fla. 2022)). As a result, we determined that an aggravated assault conviction under Florida law "categorically qualifies as a violent felony under the ACCA." *Id*. at 1336. With precedent squarely on point foreclosing his argument, Bryant fails to establish plain error.

**AFFIRMED.**